UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNIVERSAL IMPORTS, INC.,**

    **Plaintiff,**

v.                                          **Case No.  8:08-cv-00309-T-30TGW**

**FEDERAL EXPRESS CORPORATION,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE came on for consideration upon Defendant's Motion to Dismiss (Dkt. 4), Plaintiff's Response (Dkt. 5), and Defendant's Reply thereto (Dkt. 10) and Plaintiff's Motion to Remand (Dkt.8) and Defendant's opposition to said motion (Dkt. 12).  The Court, having considered the motions, responses and memoranda, applicable statutes, and controlling case law, and being otherwise advised in the premises, determines that Defendant's Motion to Dismiss should be denied and this matter remanded to state court for all further proceedings.

### BACKGROUND

On or about March 26, 2003, a company in Ahmedabad, India, shipped a package via Federal Express air waybill number 6288 1118 2321 to Universal Imports, Inc., 919 Balaye Ridge Circle, #101, Tampa, Florida 33619. When the package arrived in Florida, it was processed at the airport and passed on to Federal Express personnel for ground delivery. The

package was mistakenly delivered to 408 Brandon Town Center, Brandon, Florida, on April 14, 2003.

Alleging that Federal Express delivered the package to the wrong address, Universal Imports, along with a co-plaintiff, filed suit against Federal Express in the Thirteenth Judicial Circuit Court, Hillsborough County, Florida, in October 2004.  Defendant removed the case to the United States District Court for the Middle District of Florida, Tampa Division, on November 5, 2004.[1]  After the plaintiffs failed to file anything with the court, The Honorable James D. Whittemore issued an order directing the plaintiffs to show cause (hereinafter "SCO") why they should not be sanctioned by "dismissal under Local Rule 3.10."[2]  When the plaintiffs failed to respond to the SCO, Judge Whittemore dismissed the case on February 18, 2005.  On January 11, 2008, Universal Imports filed a second suit (the instant suit) regarding its shipment under air waybill number 6288 1118 2321 with the Thirteenth Judicial Circuit Court, Hillsborough County, Florida.  Defendant removed the case to federal court on February 13, 2008.

## DISCUSSION

In its complaint (Dkt. 2), Plaintiff asserts claims of (1) breach of contract (third party beneficiary) and (2) negligence, stating that, as a shipper of goods, Defendant:

---

[1] Universal Imports, Inc. v. Federal Express Corp., Case No. 8:04-cv-02426-27-MAP (M.D. Fla. 2005).

[2] "Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed and if no satisfactory cause is shown, the case may be dismissed by the Court for want or prosecution."  Local Rule 3.10 (M.D. Fla. 2008).

>breached its duty by failing to deliver the goods to the proper address and to the proper recipient and instead delivering the goods to a location and recipient that had no connection whatsoever to Plaintiff.[3]

Dkt. 2 ¶ 20 (footnote added). In its motion to dismiss, Defendant argues that Plaintiff's lawsuit should be dismissed (1) based on res judicata and (2) as barred by the statute of limitations that Defendant asserts is applicable under the Warsaw Convention. In its motion to remand, Plaintiff challenges Defendant's assertion in the notice of removal that this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1441. Defendant argues that the case is governed by the Warsaw Convention or, in the alternative, principles of federal common law. Plaintiff argues, to the contrary, that since the conduct about which it complains "involved [Defendant's] placement of the product in the hands of an unrelated party at an unrelated location, which location is nowhere referenced in the subject airbill," neither the Warsaw Convention nor principles of federal common law should control (Dkt. 8 at 2). Hence, there is not a sufficient basis for removal from state court.

**Res Judicata**

First, Defendant asserts, incorrectly, that Plaintiff's original lawsuit, filed in 2004, was dismissed in February 2005 under Fed. R. Civ. P. 41(b). Rule 41(b) provides that a dismissal under that rule "operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). Thus, Defendant argues that the dismissal of Plaintiff's previous lawsuit constitutes a decision on the merits, rendering its current lawsuit regarding the same Federal Express air waybill number  barred by res judicata.

---

[3]There is no reference to federal law in the Complaint.

Defendant errs, however, in assuming that the district judge's order dismissing the earlier filed case relied on Rule 41(b). To the contrary, in the SCO, the district court informed the plaintiffs that their complaint was subject to "dismissal under Local Rule 3.10." When the plaintiffs failed to respond to the SCO, the case was dismissed, just as plaintiffs had been cautioned, under Local Rule 3.10 (M.D. Fla. 2008), not Fed. R. Civ. P. 41(b). Unlike Federal Rule 41(b), Local Rule 3.10 does not state that dismissal is an adjudication on the merits. Thus Plaintiff's complaint in the instant case is not barred by res judicata.

**Warsaw Convention**

Second, Defendant contends that the dispute is governed by the Warsaw Convention, which imposes a two-year statute of limitations on Plaintiff's claims. This contention is also easily dismissed. As Plaintiff points out, since its product was misdelivered "after it arrived at [Defendant]'s warehouse and [was] placed into the hands of [Defendant's] ground delivery forces" (Dkt. 5 at 3), the Warsaw Convention does not control this case. Defendant does not contend that the package was misplaced during air travel or within an airport; it admits, instead, that the package was delivered to the Brandon address (Dkt. 4 at 4).

Warsaw Convention, Article 18, Section 1, states that "[t]he carrier shall be liable for damage sustained . . . if the occurrence which caused the damage so sustained took place during the transportation by air." Section 3 excludes from the definition of transportation by air "any transportation by land, by sea, or by river performed outside an airport."

A review of the case law reveals that courts rely on "the literal language" of the Warsaw Convention to hold that "the plain language of Article 18 draws the line at the airport's border." Victoria Sales Corp. v. Emory Air Freight, Inc., 917 F.2d 705, 707 (2d Cir.

1990) (Warsaw Convention did not apply to package lost less than one-quarter mile outside the airport); see also Read-Rite Corp. v. Burlington Air Express, Ltd., 186 F.3d 1190, 1194 (9th Cir. 1999) (Warsaw Convention did not apply to ground transportation close to, but clearly outside, the airport); Aerofloral, Inc. v. Rodricargo Express Corp., 756 So. 2d 234, 234 (Fla. 3d DCA 2000) (Warsaw Convention did not apply to loss of goods that occurred almost one mile from airport).

In the instant case, Defendant does not refute Plaintiff's claim that if the package was misdelivered, the misdelivery took place during carriage by land that occurred outside an airport. Thus the Warsaw Convention, including its statute of limitations provision, is inapplicable here.

**Remand**

Removal statutes are construed narrowly with uncertainties resolved in favor of remand. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citation omitted). A defendant is entitled to remove to the appropriate federal district court any civil action over which district courts have original jurisdiction, see 28 U.S.C. §§ 1331 and 1441(a), but a plaintiff "is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available," Hill v. BellSouth Telecommunications, Inc., 364 F.3d 1308, 1314 (11th Cir. 2004) (citation omitted). On a motion to remand, the removing party has the burden of establishing that the federal court has jurisdiction over the matter. Diaz, 139 F.3d at 1505. Here, Defendant has not met its burden.

In its Motion to Remand, Plaintiff argues that "principles of federal common law" do not "exclusively control" its cause of action (Dkt. 8 at 1). In opposing Plaintiff's Motion to

Remand, Defendant contends that (1) since Plaintiff failed to attack the appropriateness of federal jurisdiction in the 2004 case, "the Motion to Remand is an unpermissible collateral attack on a judicial decision made over three years ago" and (2) the presence of a federal question in the complaint gives this Court jurisdiction over the matter (Dkt. 12 at 2-3). Defendant's arguments are without merit, and Plaintiff is correct that federal common law does not exclusively control this case.

As discussed *supra*, Defendant's argument that Plaintiff's complaint is barred based on the doctrine of res judicata fails. Next, neither federal common law nor the Airline Deregulation Act (ADA) support the removal of this action from state court. Defendant asserts that federal common law applies to "shipments lost by air cargo carriers," and that Federal Express is an "all-cargo air carrier" (Dkt. 12 at 3). Defendant relies heavily on the Fifth Circuit case of Sam L. Majors Jewelers v. ABS, 117 F.3d 922 (5th Cir. 1997), which states that "a federal cause of action" under "federal common law" continues to survive "for freight claims against air carriers." Id. at 929. Additionally, even when a plaintiff pleads only state common law claims, federal courts have jurisdiction if the claims (1) "in fact arise under federal common law" or (2) "arise under state common law but are so completely preempted that even the preemption question itself must be removed to the federal system." Greer v. Federal Express, 66 F. Supp. 2d 870, 872 (W.D. Ky. 1999).

First, Plaintiff's claims arise under state law. Defendant relies on Read-Rite, which holds that, in an air freight claim exclusively concerning the legality of a limitation of liability provision, the ADA preempts state law and federal common law governs exclusively. 186 F.3d at 1197. As the Read-Rite court noted, however, state law continues

to govern "routine" contract claims and "run-of-the-mill" injury claims.  Id.  In the instant case, while Plaintiff raises routine contract and negligence claims, Defendant contends in its Motion to Dismiss that Plaintiff "was sent a check by Federal Express for the contractual limit of liability" (Dkt. 4 at 1).[4]

Defendant seems to argue that Plaintiff is disguising a federal limitation of liability cause of action as a state law claim, and indeed "Plaintiff may not defeat removal by disguising a federal question as a state cause of action." Angela Cummings, Inc. v. Purolator Courier Corp., 670 F. Supp 92, 93 (S.D. NY 1987).  In the instant case, however, Plaintiff has alleged contract and injury claims under state law. Greer, 66 F. Supp. 2d at 872 ("The ADA permits state-based adjudication of routine breach of contract claims, the Supreme Court concluded, so long as the state courts confine themselves to construing the parties' bargain.").  Defendant may have a valid limitation of liability argument under federal common law, but "any federal limitations of liability create only a defense to the state law claims, rather than a federal common law cause of action." Id. at 874.  Thus Plaintiff's claims arise under state law.

Second, "[c]omplete preemption occurs only" in "rare occasion[s]" where "Congress clearly manifests an intent to transfer the question of preemption itself into the exclusive jurisdiction of the federal courts." Greer, 66 F. Supp. 2d at 873.  As discussed *supra*, the case law shows that Congress has not displaced routine state causes of action for breach of contract and negligence.  Additionally, state courts are competent to hear air freight claims,

---

[4] In its Complaint, Plaintiff states that it "placed Defendant on written notice of this claim but to date the Plaintiff's demand has gone unanswered" (Dkt. 2 at 4).

even those involving the application of federal common law.  See e.g., Aerofloral, 756 So. 2d at 235; St. Paul Fire & Marine Ins. v. Federal Express Corp., 548 N.Y.S.2d 422, 424 (N.Y. Civ. Ct. 1989) ("The court will apply federal common law . . . .").  This is, therefore, not one of those rare occasions where complete preemption of state law requires removal.

The state court remains the proper venue to rule on Plaintiff's causes of action under state law and any limitation of liability defense brought by Defendant under federal common law.

It is **ORDERED and ADJUDGED** that:

1. Defendant's Motion to Dismiss (Dkt. 4) is **DENIED**.

2. Plaintiff's Motion to Remand (Dkt. 8) is **GRANTED**.

3. The **Clerk** of this Court is directed to **remand** this case to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.  The **Clerk** is also directed to forward a certified copy of this Order to that Court.

4. The **Clerk** is further directed to **CLOSE** this file and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on July 30, 2008.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2008\08-cv-309.mtd 4.wpd